IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW I. FARMER, § <br> CHARLES E. GROB, JR., § <br> CAROLYN AUSTIN, § <br> BALDEMAR P. RIOS, and § <br> CHIMERA ENERGY CORP. § <br> § <br> Defendants. § <br> § | Case No.:  4:14-CV-02345 |

**PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S
MOTION TO COMPEL PRODUCTION AND TESTIMONY
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

MATTHEW J. GULDE
Illinois Bar No. 6272325
S.D. Texas Bar No. 1821299
NIKOLAY VYDASHENKO
New York Registration No. 4628566
S.D. Texas Bar No. 2422295
United States Securities and
Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
(817) 978-1410 (mg)
(817) 978-4927 (facsimile)
guldem@sec.gov
vydashenkon@sec.gov

*Attorneys for Plaintiff United States
Securities and Exchange Commission*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

I.    RELEVANT FACTS AND PROCEDURAL HISTORY .....................................................2

        A.  David M. Loev and the Loev Law Firm ........................................................2

        B.  The Commission's Requests and Subpoenas to Loev and the Loev Law Firm ............3

        C.  Chimera's Status as a Defunct Entity ..............................................................4

            1.  Chimera's Standing with the Nevada Secretary of State .........................................4

            2.  Chimera's Lack of Operations ................................................................4

            3.  Chimera's Failure to Participate in this Litigation......................................................5

II.    ARGUMENT AND AUTHORITIES ...................................................................................7

        A.  The Law of Attorney-Client Privilege ...........................................................7

        B.  Defunct Companies Cannot Assert the Attorney-Client Privilege ...............................7

III.   CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

## FEDERAL CASES

*City of Rialto v. U.S. Department of Defense*,
    492 F. Supp. 2d 1193 (C.D. Cal.2007) ...........................................................................8

*Gilliland v. Geramita*,
    2006 WL 2642525 (W.D. Pa. Sept. 14, 2006)..................................................................8

*Hodges, Grant & Kaufmann v. Internal Revenue Service*,
    768 F.2d 719 (5th Cir. 1985) .......................................................................................7, 9

*In re Behr Dayton Thermal Products, LLC*,
    298 F.R.D. 536 (S. D. Ohio 2014) ............................................................................... 7-8

*In re Fundamental Long Term Care, Inc.*,
    2012 WL 4815321 (Bnkr. M.D. Fla. Oct. 9, 2012) .......................................................8

*In re Grand Jury Subpoena Dated Jan. 4, 1984*,
    750 F.2d 223 (2d Cir. 1984).............................................................................................7

*Lewis v. United States*,
    WL 3203121, at *4 (W.D. Tenn Dec. 7, 2004) ...............................................................8

*Lopes v. Viera*,
    688 F. Supp. 2d 1050 (E.D. Cal. 2010)............................................................................8

*Red Vision Systems, Inc. v National Real Estate Information Servs., L.P.*,
    108 A. 3d 54, (Pa. Super. 2015).....................................................................................10

*SEC v. Carrillo Huettel LLP*,
    2015 WL 1610282 (S.D.N.Y. April 8, 2015) ..................................................7, 8, 9, 10

*Swidler & Berlin v. United States*,
    524 U.S. 399 (1998).........................................................................................................7

*TAS Distributing Co. v. Cummins Inc.*,
    2009 WL 3255297 (C.D. Ill Oct. 7, 2009)......................................................................8

*Trading Technologies International, Inc. v. GL Consultants, Inc.*,
    2012 WL 874322 (N.D. Ill. March 14, 2012).................................................................8

*United States v. Pipkins*,
    528 F.2d 559 (5th Cir. 1976) ..........................................................................................9

Plaintiff U.S. Securities and Exchange Commission ("Commission") moves for an Order, pursuant to Rules 37 and 45(d) of the Federal Rules of Civil Procedure, (i) compelling third party Loev Law Firm, P.C. (the "Loev Law Firm") to produce all documents previously withheld or redacted by the Loev Law Firm on the ground of attorney-client privilege; (ii) compelling third party David M. Loev to testify on issues for which the attorney-client privilege has been asserted; and (iii) if necessary, extending the discovery completion deadline to allow production of documents by the Loev Law Firm and completion of the deposition of David Loev.

## PRELIMINARY STATEMENT

Plaintiff alleges in this action that Defendants participated in a fraudulent "pump-and-dump" scheme to profit from the sales of stock of Defendant Chimera Energy Corp. ("Chimera"), a shell company created specifically for the purpose of implementing the scheme. The Loev Law Firm and David Loev were Chimera's corporate counsel during the time that aspects of the scheme were being implemented. Through this motion, the Commission is seeking an Order compelling the Loev Law Firm to produce documents, and David Loev to testify in a deposition, on matters as to which the Loev Law Firm and Loev have invoked the attorney-client privilege.

As demonstrated below, Chimera is a defunct entity, and the weight of authority holds that defunct entities cannot invoke the attorney-client privilege. This rule makes sense because, among other reasons, defunct entities have no ability to satisfy their burden of proffering the facts necessary to establish the existence of the privilege.

Chimera's conduct in this litigation illustrates the rationale for the rule. As discussed in detail below, Chimera has not made any effort to defend this case, and its only two known officers – Charles E. Grob, Jr. and Baldemar P. Rios, who also are defendants in this litigation –

have not attempted to act on Chimera's behalf. Moreover, Chimera's license to do business in Nevada (its place of incorporation) has expired, and Chimera's status as a domestic Nevada corporation has been revoked. In sum, Chimera is defunct, and its privilege does not survive.

The Commission has noticed Loev's deposition and the parties have tentatively set it for July 8, 2015. The discovery completion deadline is currently set as July 1, 2015, and in response to a joint agreed motion by the parties, the Court granted an extension of that deadline to July 10, 2015 to complete depositions of Loev and the Defendants. If the Court does not rule on this Motion before Loev's deposition, the Commission intends to take Loev's deposition on the noticed date, at which time it will elicit testimony to which Loev does not object, and then continue the deposition pending the Court's decision. Accordingly, the Commission requests that, should the Court rule on this Motion in the Commission's favor, and such Order is issued after the discovery completion deadline (whether current or the agreed proposed deadline), that the Court extend the deadline solely for the purpose of completing Loev's deposition and allowing the Loev Law Firm to produce responsive documents that previously were withheld and redacted.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. David M. Loev and the Loev Law Firm

The Loev Law Firm was Chimera's corporate counsel from at least September 22, 2011 through October 2012. Loev was the attorney primarily responsible for representing Chimera. In this capacity, Loev and the Loev Law Firm assisted Chimera with its initial public offering, periodic and other filings with the Commission, general corporate matters, and litigation, among other matters.

B.     The Commission's Requests and Subpoenas to Loev and the Loev Law Firm

During the investigation that gave rise to this enforcement action, Commission staff interviewed Loev on October 1, 2013. (Vydashenko Decl. ¶ 3.) At the October 1 interview, which was conducted telephonically, Loev asserted the attorney-client privilege in response to certain questions relating to Chimera. Commission staff adjourned the interview to allow Loev to confirm with Chimera's counsel at the time, Samuel E. Whitley, that Chimera was indeed asserting the privilege, and the scope of that assertion. Later on October 1, Loev confirmed that Chimera was asserting the attorney-client privilege to its fullest extent. (*Id.* at ¶ 4.)

The Commission commenced the instant action on August 14, 2014. On March 11, 2015, the Commission served a subpoena *ad testificandum* on Loev and a subpoena *duces tecum* on the Loev Law Firm. (Exs. A and B.) The Commission adjourned the subpoena *ad testificandum* pending its review of documents produced by the Loev Law Firm. (Vydashenko Decl. ¶. 5.) On April 2, 2015, the Loev Law Firm produced materials, but withheld from production documents it believed were protected by the attorney-client privilege as between the Loev Law Firm and Chimera. (*Id.* at ¶¶ 6 and 9.) Certain of the documents produced by the Loev Law Firm also were redacted on the basis of the attorney-client privilege. (*Id.* at ¶ 6.)

On June 12, 2015, the Commission served another subpoena *ad testificandum* on Loev, which required Loev to testify at a deposition on June 26, 2015. (Ex. C.) After the Commission and Loev jointly agreed on a more convenient deposition date, the Commission on June 26, 2015 notified Loev that the parties had tentatively set his deposition for July 8, 2015. (*Id.* ¶ 8.)

On June 25, 2015 the Commission conferred with Loev concerning the Loev Law Firm's document production and his deposition. During this conference, Loev indicated that absent an Order from this Court, the Loev Law Firm will continue to assert the attorney-client privilege

with regard to documents it withheld from production and that it redacted, and that Loev will assert the privilege with regard to any questions at his deposition that call for disclosure of purportedly privileged information. (*Id.* at ¶ 9.)

    C.    <u>Chimera's Status as a Defunct Entity</u>

Chimera was incorporated in Nevada as a domestic corporation on August 5, 2011. (Ex. D.) Defendant Grob was Chimera's CEO and sole director from its inception through approximately October 9, 2012. (Ex. E.) Defendant Rios was Chimera's CEO and sole director from approximately October 9, 2012 until the time that Chimera ceased to exist as an entity. (Ex. F.)

    *1.    Chimera's Standing with the Nevada Secretary of State*

Chimera no longer is an entity in good standing with the Nevada Secretary of State. Chimera's Nevada "Business License" expired on August 31, 2013, and the Nevada Secretary of State has revoked Chimera's status as a domestic corporation. (Ex. G.) Chimera's last "action" as indicated on the Nevada Secretary of State's website was the filing of an "Annual List" on July 11, 2012. (Ex. H.)

    *2.    Chimera's Lack of Operations*

Chimera has ceased making filings with the Commission that are required by law. Chimera's securities were registered with the Commission in December 2011. Following registration, Chimera was required and did file a number of periodic and current reports with the Commission, including reports on Forms 10-Q and 8-K. Chimera's last report filed with the Commission was a Form 8-K filed on October 11, 2012. (Vydashenko Decl. ¶ 15.) Pursuant to Section 15(d) of the Exchange Act, and Rule 15d-1 thereunder, Chimera was required to file an annual report on Form 10-K on or about November 29, 2012, which it failed to do.

Chimera also has ceased publishing press releases. Between July 30, 2012 and October 11, 2012 Chimera published approximately 34 press releases. (*See* Complaint ¶ 53 at Dkt. No. 1.) Since October 11, 2012, it has not published any press releases. (Vydashenko Decl. ¶ 16.)

Moreover, there are no other indicia of Chimera's continued existence. The website that Chimera maintained as of at least October 24, 2012 no longer is maintained, and no other website for the company could otherwise be found after a diligent search. (*Id.* ¶ 17.) And, in testimony given during the investigation leading to this action on January 28, 2013, Rios testified that in October 2012, while he was CEO of Chimera, he was told by Grob to cease all of Chimera's business activities, and that he did so and had not resumed any activity. (Ex. I, Tr. 46: 20 –48:1.)

### 3. *Chimera's Failure to Participate in this Litigation*

Since the Commission filed this case, no counsel has made an appearance or otherwise participated in this litigation on Chimera's behalf, and none of Chimera's former officers have attempted, to the Commission's knowledge, to assert authority on behalf of Chimera in regard to this litigation.

Rios, Chimera's last CEO, waived service of summons and acknowledged receipt of the Complaint, acting in his individual capacity, on August 12, 2014. (*See* Dkt. No. 12.) Rios did this through Whitley, who was counsel to both Chimera and Rios during the Commission's investigation. (*Id.*) Yet, in this action, Whitley appeared only on Rios's behalf. (*Id.*)

Similarly, Grob, who was Chimera's first and only other known CEO, and who is identified as President, Secretary, Treasurer, and Director in Chimera's filings with the Nevada Secretary of State (ex. G), acting in his individual capacity, waived service of summons and acknowledged receipt of the Complaint on August 15, 2014. (*See* Dkt. No. 5.) Neither Grob nor

Rios has made any attempt to act on Chimera's behalf in this litigation, and there are no other known officers or directors of Chimera.

The Commission completed service on Chimera by serving the Nevada Secretary of State on October 27, 2014 pursuant to Nevada Rule of Civil Procedure 4(d)(1). (*See* Dkt. No. 18.) Chimera did not respond to the Complaint. On March 24, 2015, the Commission filed an Application for Clerk's Entry of Default as to Chimera. (*See* Dkt. No. 39.) Also on March 24, the Clerk entered the default of Chimera. (*See* Dkt. No. 41.) On March 26, 2015, the Commission filed a Motion for a Default Judgment against Chimera. (*See* Dkt. No. 43.) Since the filing of this motion, which pending before the Court, no party has opposed or otherwise responded to the motion.

In March 2015, the Commission attempted to determine whether Rios, as Chimera's last and sole officer and director, would assert on behalf of Chimera the attorney-client privilege during Loev's deposition. The Commission posed this question to counsel for Rios. (Vydashenko Decl. ¶ 19.) Counsel for Rios responded that while he represented Rios only in his individual capacity, it was counsel's understanding that (i) Rios was "for a very brief period the president of Chimera prior to its ceasing operations"; (ii) Chimera was "perceived" by counsel to be a "defunct corporation"; and (iii) even if Rios could continue to act as officer for a defunct entity, he did not have authority to waive Chimera's privilege, as that function rested with Chimera's board of directors. (Ex. J.) Five days after furnishing this response, Rios's counsel clarified that Rios "has no response" regarding the question of Chimera's privilege assertions, and amended his prior response to make clear that counsel did not have "any firsthand information about the operational status of Chimera, or identity of its board or shareholders," and

that the prior statements regarding "Chimera's status should be understood to be [counsel's] inferences and should not be taken as assertions of fact." (*Id.*)

## II.   ARGUMENT AND AUTHORITIES

### A.  The Law of Attorney-Client Privilege

The attorney-client privilege protects from disclosure confidential communications between client and counsel that were made for the purpose of obtaining or providing legal advice. *Hodges, Grant & Kaufmann v. Internal Revenue Service*, 768 F.2d 719, 720 (5th Cir. 1985).  The party invoking the privilege bears the burden to establish the facts that are the essential elements of the privileged relationship. *Id.* at 720.  This burden cannot be discharged by "mere conclusory or ipse dixit assertions." *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 225 (2d Cir. 1984). Where, as here, the case is governed by federal law, "interpretation of the privilege's scope is guided by 'the principles of the common law . . . as interpreted by the courts . . . in the light of reason and experience." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (quoting Fed. R. Evid. 501).

In this case, neither Chimera nor anyone authorized to act on its behalf has sought to prevent the Loev Law Firm from producing documents, or to prevent Loev from testifying.  To the contrary, Rios, who is Chimera's last CEO, sole officer, and sole director, refused to take *any* position with regard to Chimera's corporate privilege. (Ex. J.)

### B.  Defunct Companies Cannot Assert the Attorney-Client Privilege

The weight of authority holds that dissolved corporations and defunct corporations (which, while not technically dissolved, are dissolved for all practical purposes) do not retain and cannot assert the attorney-client privilege. *See SEC v. Carrillo Huettel LLP*, No. 13-cv-1735, 2015 WL 1610282, at *4-5 (S.D.N.Y. April 8, 2015); *In re Behr Dayton Thermal Products, LLC*, 298 F.R.D.

536, 541-43 (S. D. Ohio 2014) (holding that company subject of bankruptcy liquidation no longer held privilege over attorney-client communications); *Trading Technologies International, Inc. v. GL Consultants, Inc.*, Nos. 05-4120, 05 C 5164, 2012 WL 874322, at *4 (N.D. Ill. March 14, 2012) (holding that when company ceased to exist, "so too has any privilege it might have been able to assert . . . ."); *Lopes v. Viera*, 688 F. Supp. 2d 1050, 1059-69 (E.D. Cal. 2010) (former attorney of entity that effectively ceased to function lacked authority to assert the privilege on behalf of the entity); *TAS Distributing Co. v. Cummins Inc.*, No. 07-1141, 2009 WL 3255297, at *1-2 (C.D. Ill Oct. 7, 2009) (attorney-client privilege does not extend beyond the death of a corporation); *City of Rialto v. U.S. Department of Defense*, 492 F.Supp.2d 1193, 1200 (C.D. Cal.2007) (privilege for a corporation ceases to exist after the corporation dissolves); *Gilliland v. Geramita*, No. 2:05-cv-1059, 2006 WL 2642525, at *4 (W.D. Pa. Sept. 14, 2006) ("No real purpose would be served by continuing the privilege after operations cease, as the corporation would no longer have any goodwill or reputation to maintain."); *Lewis v. United States*, No. 02-29582004 WL 3203121, at *4 (W.D. Tenn. Dec. 7, 2004) (attorney-client privilege does not survive death of corporation); *In re Fundamental Long Term Care, Inc.*, No. 8:11–bk–22258, 2012 WL 4815321, at *8-10 (Bnkr. M.D. Fla. Oct. 9, 2012) (dissolved or defunct corporations cannot assert the privilege).[1]

*Carrillo Huettel* is directly on point, and is instructive of how this rule applies to a shell company that has ceased operations and whose control persons no longer exert authority. There, as here, the Commission moved to compel attorneys and a law firm that provided legal services to shell companies subject to "pump-and-dump" campaigns to produce documents and testify about

---

[1] *See also* Restatement (third) Of The Law Governing Lawyers § 73 cmmt. k. ("When a corporation or other organization has ceased to have a legal existence such that no person can act in its behalf, ordinarily the attorney-client privilege terminates . . . ."); Wright and Miller's Federal Practice and Procedure, Evidence § 5499; Testimonial Privileges § 1:74 (3d ed. 2014) ("For organizations, the general rule is that when the organization ceases to have legal existence such that no one can act in its behalf, the privilege terminates.").

matters over which the attorneys previously had asserted the attorney-client privilege on behalf of the shell companies. *See Carrillo*, 2015 WL 1610282, at *1-2. In granting the Commission's motion in relevant part, the court first recognized that the "weight of authority holds that a dissolved or defunct corporation retains no privilege," and articulated rationales for this conclusion. *Id.* at *2. The court explained that no person can speak for a defunct corporation to assert the privilege. *Id.* at *3. This loss of the "practical ability to assert the privilege," *id.*, precludes a corporation from satisfying its burden to establish facts that support the elements of the attorney-client privilege. *Hodges,* 768 F.2d at 720. Moreover, limiting the force of the privilege to the life of a corporation is, according to the court, consistent with the well-established principle that the privilege is to be construed narrowly because it withholds relevant information from the parties and the factfinder. *See United States v. Pipkins,* 528 F.2d 559, 562 (5th Cir. 1976) (holding that the attorney-client privilege should be confined within the narrowest possible limits consistent with the logic of its principle).

The court in *Carrillo Huettel* next determined that the shell companies at issue were defunct. *See Carrillo*, 2015 WL 1610282, at *4. Two of these companies were, like Chimera, incorporated in Nevada, and, like Chimera, their business licenses had expired and their status as domestic Nevada corporations had been revoked. *Id.* These facts alone were sufficient for the court to find that the Nevada entities were defunct and thus lost the ability to assert the attorney-client privilege. *Id.* Here, in addition to the evidence regarding Chimera's business license expiration and the revocation of its corporate status, the Commission also submitted evidence regarding Chimera's lack of operations, its failure to participate in this litigation, and the unwillingness of its only two known officers and directors – Grob and Rios – to speak for the company. (*See* Section I.C.1 and 2, *supra.*) If the shell entities' license expiration and status revocation alone were sufficient to find

them defunct in *Carrillo Huettel*, then Chimera's same license expiration and status revocation *and* the additional evidence of its lack of operations certainly is sufficient to find it defunct here.

As the Pennsylvania Superior Court recently explained,

> if a business is dissolved and/or has ceased to operate, and has neither a legal successor nor some remaining management with authority to handle the company's post-dissolution windup, then there is no longer any 'client' to raise or waive the privilege. Without such a client, it is impossible to satisfy the burden of one invoking the privilege to show that '[t]he privilege has been claimed and is not waived by the client.'

*Red Vision Systems, Inc. v National Real Estate Information Servs., L.P.*, 108 A.3d 54, (Pa. Super. 2015) (internal citations omitted). Chimera simply cannot satisfy its burden because it is defunct and no one is willing to speak for it.

## III.  CONCLUSION

For these reasons, the Commission respectfully requests that the Court grant its Motion to Compel Production and Testimony, and order (i) the Loev Law Firm to produce all documents previously withheld and redacted by it on the ground of attorney-client privilege; (ii) Loev to testify on issues for which the attorney-client privilege has been asserted, (iii) to the extent necessary, extend the discovery completion deadline to allow the Loev Law Firm to produce documents and to complete Loev's deposition in accordance with the Order, and grant such other and further relief as the Court may deem just and proper.

Dated:  June 26, 2015                        Respectfully submitted,

                                                s/ Matthew J. Gulde
                                               Matthew J. Gulde
                                               Illinois Bar No. 6272325
                                               S.D. Texas Bar No. 1821299
                                               Nikolay Vydashenko
                                               New York Registration No. 4628566
                                               S.D. Texas Bar No. 2422295
                                               SECURITIES AND EXCHANGE COMMISSION

Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
(817) 978-1410 (mg)
(817) 978-4927 (facsimile)
*guldem@sec.gov*

*Attorney for the Plaintiff*

## CERTIFICATE OF CONFERENCE

On June 25, 2015, counsel for the Commission Matthew J. Gulde and Nikolay Vydashenko conferred with David M. Loev. The parties were unable to reach agreement because Loev asserted that in the absence of an Order from this Court to the contrary, he was compelled to assert the attorney-client privilege on behalf of his former client.

*s/Matthew J. Gulde*_____
Matthew J. Gulde

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel who have registered with the Court. Additionally, I have caused a true copy thereof to be delivered by the United States Postal Service, Certified Mail, Return Receipt Requested, addressed to:

Chimera Energy Corp.
c/o Nevada Secretary of State
Meyers Annex Office, Attn: Alfie Frieser
202 N. Carson Street
Carson City, Nevada 89701
Defendant

David M. Loev, Esq.
Loev Law Firm, P.C.
6300 West Loop South #280
Bellaire, TX  77401

*s/Matthew J. Gulde*_____
Matthew J. Gulde