IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW I. FARMER, § <br> CHARLES E. GROB, JR., § <br> CAROLYN AUSTIN, § <br> BALDEMAR P. RIOS, and § <br> CHIMERA ENERGY CORP. § <br> § <br> Defendants. § <br> § | Case No.: 4:14-CV-02345 |

### DECLARATION OF NIKOLAY VYDASHENKO IN SUPPORT OF PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY

1. I am an attorney in the Division of Enforcement of the United States Securities and Exchange Commission (the "Commission").

2. I submit this declaration in support of the SEC's Motion to Compel Production of Documents and Testimony. I have personal knowledge of the statements in this declaration.

The Commission's Contacts with Loev

3. In the course of the investigation that gave rise to this enforcement action, I interviewed David M. Loev on October 1, 2013. During this interview, Loev asserted the attorney-client privilege in response to certain questions relating to Chimera Energy Corp. ("Chimera").

4. I adjourned the interview to allow Loev to confirm with Chimera's counsel that Chimera was indeed asserting the privilege as to the topics that were asked of Loev. I

understood Samuel E. Whitley to have been Chimera's counsel at the time of the interview. Later on October 1, 2013, Loev confirmed to me that he was instructed by Chimera's to assert the attorney-client privilege to its fullest extent.

5. On March 11, 2015, the Commission served a subpoena *ad testificandum* on Loev and a subpoena *duces tecum* on the Loev Law Firm. A true and correct copy of the March 11, 2015 subpoena to Loev is attached hereto as Exhibit A. A true and correct copy of the March 11, 2015 subpoena to the Loev Law Firm is attached hereto as Exhibit B. The Commission adjourned the subpoena ad testificandum pending its review of documents produced by the Loev Law Firm.

6. On April 2, 2015, the Loev Law Firm produced documents responsive to the March 11, 2015 subpoena. Certain of the documents produced by the Loev Law Firm on April 2, 2015 were redacted.

7. On June 12, 2015, the Commission served another subpoena *ad testificandum* on Loev. A true and correct copy of the June 12, 2015 subpoena is attached hereto as Exhibit C.

8. On June 26, 2015, the Commission contacted Loev to give him notice that the parties had tentatively set his deposition for July 8, 2015.

The Compliance Conference with Loev

9. On June 25, 2015 Commission attorney Matthew J. Gulde and I conferred with Loev concerning the Loev Law Firm's document production and his deposition. Loev confirmed that he had withheld from production documents protected by the attorney-client privilege as between the Loev Law Firm and Chimera. Loev indicated that absent an Order from this Court, the Loev Law Firm will continue to assert the attorney-client privilege with regard to documents it withheld from production and that it redacted, and that Loev will assert the privilege with

regard to any questions at his deposition that call for disclosure of purportedly privileged information.

### Chimera's Status, Lack of Operations, and Failure To Participate in this Litigation

10. Chimera was incorporated in Nevada as a domestic corporation on August 5, 2011. Attached hereto as Exhibit D is a true and correct copy of a document produced by Charles Grob purporting to be Chimera's Articles of Incorporation.

11. Grob was Chimera's CEO and sole director from its inception through approximately October 9, 2012. Attached hereto as Exhibit E is a true and correct copy of a document produced by Chimera purporting to be a Consent to Action Without Meeting of the Sole Shareholder and Sole Director of Chimera Energy Corporation, dated as of October 2011.

12. Rios was Chimera's CEO and sole director from approximately October 9, 2012 until the time that Chimera ceased to exist as an entity. Attached hereto as Exhibit F is a true and correct copy of a document produced by Chimera purporting to be a Unanimous Written Consent of the Board of Directors of Chimera Energy Corp., dated as of October 10, 2012.

13. Attached hereto as Exhibit G is a true and correct copy of a document I printed from the website of the Secretary of State of Nevada on June 25, 2015, which reflects the revocation of Chimera's status as a domestic corporation, and the expiration of its business license.

14. Attached hereto as Exhibit H is a true and correct copy of a document I printed from the website of the Secretary of State of Nevada on June 25, 2015, which reflects that Chimera's last corporate "action" as it relates to its registration in Nevada occurred on July 11, 2012.

15. According to my review of information publicly available on the Commission's EDGAR system, as of June 25, 2015, the last report that Chimera filed with the Commission was a Form 8-K filed on October 11, 2012.

16. I have conducted a diligent search, and I am not aware of any press releases that Chimera published after October 11, 2012.

17. As of October 24, 2012, Chimera maintained a website at the address chimeraenergyusa.com. On June 25, 2015, I attempted to access this site but was unable to do so. I have conducted a diligent search, and have not been able to find any website for Chimera.

18. Attached hereto as Exhibit I is a true and correct copy of the transcript of the testimony of Baldemar Rios taken on January 28, 2013.

19. In March 2015, the Commission asked counsel for Rios to confirm whether Chimera would assert the attorney-client privilege in connection with potentially privileged documents in possession of the Loev Law Firm and testimony on potentially privileged subjects by Loev.

20. Rios's counsel responded to this query via emails dated April 9, 2015 and April 14, 2015. Attached as Exhibit J is a true and correct copy of the April 9, 2015 and April 14, 2015 emails sent by Rios's counsel, identified in the emails as Richard D. Moreno.

21. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 26th day of June, 2015.

_____
Nikolay Vydashenko