1

1      IN THE UNITED STATES DISTRICT COURT

2        FOR THE SOUTHERN DISTRICT OF TEXAS

3                HOUSTON DIVISION

4    - - - - - - - - - - - - - - - - - - -

5    SECURITIES AND EXCHANGE COMMISSION,   )

6              Plaintiff,                  ) CASE NO.

7    v.                                    ) 4:14-CV-02345

8    ANDREW I. FARMER, CHARLES E.          )

9    GROB, JR., CAROLYN AUSTIN, BALDEMAR   )

10   P. RIOS, and CHIMERA ENERGY CORP.     )

11             Defendants.                 )

12   - - - - - - - - - - - - - - - - - - -

13

14

15           DEPOSITION OF ANDREW I. FARMER

16              FRIDAY, JULY 17, 2015

17             PAGES 1 - 291; VOLUME 1

18

19

20

21      BEHMKE REPORTING AND VIDEO SERVICES, INC.

22   BY:  LARISSA L. MCPHEARSON, TEXAS CSR NO. 8371

23                 160 SPEAR STREET, SUITE 300

24              SAN FRANCISCO, CALIFORNIA  94105

25                              (415) 597-5600

[7/17/2015]  Andrew.Farmer_20150717

EXHIBIT G

```
                                                                  2
 1
 2
 3
 4
 5
 6
 7
 8       Deposition of ANDREW I. FARMER, VOLUME 1, taken
 9   on behalf of Plaintiff, at Securities and Exchange
10   Commission, 801 Cherry Street, Suite 1900, Fort Worth,
11   Texas 76102, commencing at 9:16 A.M., FRIDAY, JULY 17,
12   2015, before Larissa L. McPhearson, Certified Shorthand
13   Reporter No. 8371, pursuant to Notice of Videotaped
14   Deposition.
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    3
 1    APPEARANCES OF COUNSEL:

 2    FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION:

 3        UNITED STATES SECURITIES AND EXCHANGE COMMISSION

 4        BY:   MATTHEW J. GULDE, ATTORNEY AT LAW

 5              NIKOLAY VYDASHENKO, ATTORNEY AT LAW

 6        801 Cherry Street, Suite 1900, Unit 18

 7        Fort Worth, Texas 76102

 8        Telephone:   (817) 978-1410

 9        Email:  guldem@sec.gov

10                vydashenkon@sec.gov

11

12    FOR DEFENDANT ANDREW I. FARMER:

13        EDMUNDSON PLLC

14        BY:   J. KEVIN EDMUNDSON, ATTORNEY AT LAW

15        21209 Highway 71 West, Suite 3

16        Spicewood, Texas 78669

17        Telephone:   (512) 720-0782

18        Email:  kevin@edmundsonpllc.com

19

20

21

22

23

24

25
```

```
                                                              4
 1   APPEARANCES OF COUNSEL - (CONTINUED):

 2   FOR DEFENDANT BALDEMAR P. RIOS - (TELEPHONICALLY):

 3      RICHARD D. MORENO, LLC

 4      BY:  RICHARD D. MORENO, ATTORNEY AT LAW

 5      125 West School Street

 6      Lake Charles, Louisiana   70602-0149

 7      Telephone:   (337) 656-8654

 8      Email: richard@rdmorenolaw.com

 9

10   FOR DEFENDANT CAROLYN AUSTIN - (TELEPHONICALLY):

11      FELDMAN + TUCKER + LEIFER + FIDELL

12      BY:  DUHA EL-QUESNY, ATTORNEY AT LAW

13      1129 20th Street, NW, Suite 400

14      Washington, DC 20036

15      Telephone:   (202) 466-8960

16      Email:  delquesny@ftlf.com

17

18

19

20

21

22

23

24

25
```

```
                                                              5

 1                            INDEX

 2   FRIDAY, JULY 17, 2015

 3   ANDREW I. FARMER - VOLUME 1                        Page

 4      Examination by MR. GULDE                          10

 5   P.M. SESSION

 6      Examination by MR. EDMUNDSON                     282

 7      Further examination by MR. GULDE                 288

 8

 9

10

11                            -oOo-

12

13       QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

14                        PAGE    LINE

15                         None.
```

```
                                                              280
 1    John Brotherton was sort of content neutral except that
 2    it put Chimera's name and website in the mind of the
 3    investor, probably?
 4         A.    That would probably be a reasonable conclusion,
 5    yes.
 6         Q.    Okay.  Now, you were asked -- you were asked
 7    during your investigative testimony whether or not you
 8    had produced all responsive documents in response to
 9    subpoenas that the staff -- SEC staff had served you
10    during the investigation.  And at that time, you took
11    five --
12         A.    That's correct.
13         Q.    So I need to ask that question again.  Have you
14    produced all responsive documents in response to
15    subpoenas served on you by the staff of the SEC?
16         A.    I believe I have made a good faith effort to
17    locate documents that would be responsive to the
18    subpoena and provided those documents to the staff.
19         Q.    And if you haven't produced them, it's because
20    you've determined they were not responsive or not been
21    able to find them?
22         A.    Let me -- well, or not had them.  Every
23    document that mentioned Chimera that I had, I produced
24    to staff.
25         Q.    Did you destroy any responsive documents?
```

281

1    A.   No, I did not.
2    Q.   Okay.  Did you limit your search to things that
3    mention Chimera or did you also include items that
4    mentioned related terms like we've discussed today?  For
5    example, names or the word "fracking" or "non-hydraulic"
6    and stuff like that?
7    A.   I very carefully sat down with counsel and went
8    over the subpoena and provided documents that were
9    responsive to the request in the subpoena.
10   Q.   I guess I -- can you answer -- do you know the
11   answer to that question, was your search of your
12   documents limited to just items that mention Chimera?
13   A.   I reviewed all the documents that I had from
14   the time period in question and pulled anything that was
15   in any way related to Chimera.
16   Q.   Okay.  You've noticed we've looked at a number
17   of e-mails today that have either been from you or to
18   you or cc'd to you.  And I'll represent to you that a
19   large proportion of them were not produced by you in
20   either investigation or in litigation.  So I need to ask
21   why were those documents not produced to us?
22   A.   Because I have a long standing e-mail deletion
23   policy.  Every e-mail I receive after 90 days, unless
24   it's part of an investigation or I've been notified
25   otherwise, gets deleted.  I do not keep my e-mails.

```
                                                                282
 1       Q.   Okay.  So regarding the question I asked
 2   earlier about did you delete responsive documents, I'm
 3   assuming you did not delete anything after you became
 4   aware of this investigation?
 5       A.   That is correct.
 6       MR. GULDE:  Okay.  If you guys would just give us
 7   two minutes here, I think we can wrap it up.
 8            (Break taken from 5:20 p.m. to 5:25 p.m.)
 9       MR. GULDE:  And we'll pass the witness.
10                        EXAMINATION
11   BY MR. EDMUNDSON:
12       Q.   Okay.  Mr. Farmer, just a few questions about
13   your responses to the written discovery of the SEC.  You
14   addressed some of the questions and the responses that
15   you made.  Do you have a copy of the SEC's various
16   document productions in your possession at your office?
17       A.   I do.
18       Q.   Okay.  Have you had some difficulty accessing
19   some of the electronic records?
20       A.   More than some.  And I appreciate, Nikolay, you
21   sending me the Excel file that matches up or attempts to
22   match up the production and the Bates numbers.  It was
23   complicated to say the least.
24       Q.   And are you still working through issues?
25       A.   Yeah.  I mean, we just yesterday were able to
```