IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § Plaintiff, § § v. § § ANDREW I. FARMER, § CHARLES E. GROB, JR., § CAROLYN AUSTIN, § BALDEMAR P. RIOS, and § CHIMERA ENERGY CORP. § § Defendants § § | Case No.: 4:14-CV-2345 JURY TRIAL DEMANDED |

**FINAL JUDGMENT**

Upon the Motion to Enter Final Judgment of Plaintiff U.S. Securities and Exchange Commission, the Court enters the following Final Judgment:

DEFENDANT ANDREW I. FARMER

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Farmer is permanently restrained and enjoined from violation of Sections 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

    made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Farmer is permanently restrained and enjoined from violation of Section 10(b) of the Securities Exchange Act of 1934 and ("Exchange Act") [15 U.S.C. §78j(b)] and Rules 10b-5(a) and (c) thereunder [17 C.F.R. §240.10b-5-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Farmer is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Farmer is permanently restrained and enjoined from directly or indirectly, participating in the offer or issuance of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Farmer is permanently restrained and enjoined from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Farmer's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Farmer or with anyone described in (a).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Farmer is liable for disgorgement of $6,540,500 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $685,219.85, and a civil penalty in the amount of $1,950,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Farmer shall satisfy this obligation by paying $9,175,719.85 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Farmer may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant Farmer may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Andrew I. Farmer as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Farmer shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Farmer relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Farmer. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Farmer shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Final Judgment
SEC v. Farmer, et al
– Page 5

## DEFENDANT CHARLES E. GROB, JR.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that for three years from the date of entry of this Judgment, Defendant Grob is restrained and enjoined from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Agreed Final Judgment by personal service or otherwise: (a) Defendant Grob's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Grob or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Grob is liable for disgorgement of $72,500, representing the amount Grob received from Chimera and Farmer, together with prejudgment interest thereon in the amount of $8,055.21, and a civil penalty in the amount of $15,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [ 15 U.S.C. § 78u(d)(3)]. Defendant Grob shall satisfy this obligation by paying $95,555.21 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Grob may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Grob may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Charles Grob as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Grob shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Grob relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Grob. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Grob shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

<u>DEFENDANT BALDEMAR P. RIOS</u>

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for one year from the date of entry of this Judgment, Defendant Rios shall be restrained and enjoined from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of

the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 18, 2017

_____
UNITED STATES DISTRICT JUDGE