| | |
|---|---|
| **From:** | cgrob@chimeraenergyusa.com |
| **Sent:** | Friday, February 3, 2012 7:35 PM |
| **To:** | Ashley Dillon <ashley@pennaluna.com> |
| **Subject:** | RE: Chimera deficiency |
| **Attach:** | FINRA Response-signed.pdf; Investor Introductions-signed.pdf; Chimera - Investor Relationships - 1.13.12.pdf; Chimera No Shell Cert Signed.pdf; Chimera-144 Cert Signed.pdf |

Hi Ashley,

Here are the documents pertaining to the deficiency. Please review and notify me if there should be any changes.

Regards,

**Charles Grob**
**Chimera Energy Corporation**
**President and CEO**
**2800 Post Oak Boulevard Ste 4100**
**Houston, TX 77056**
**Phone: (832) 390-2334**
**Fax: (832) 390-2350**

![CHIMERA ENERGY CORPORATION logo]

-------- Original Message --------
Subject: Chimera deficiency
From: Ashley Dillon <ashley@pennaluna.com>
Date: Thu, February 02, 2012 11:54 am
To: "cgrob@chimeraenergyusa.com" <cgrob@chimeraenergyusa.com>

Hi Charles,

Attached is the deficiency for Chimera.

Please let me know if you have any questions and I would be happy to answer them for you.

Best,

Ashley Dillon
http://www.markjdillon.com/
Pennaluna and Company
421 Sherman ave
Coeur d'Alene Id 83814

800 654 9929 or 1 208 667 7472
fax 1 208 664 2283

Attn; Mark Dillon

-----Original Message-----
From: Pennaluna & Co.
Sent: Thursday, February 02, 2012 9:38 AM
To: Ashley Dillon
Subject: New Scan

Here is a your freshly scanned document.
-------------------------------------------------------------

Sent by the Kyocera FS-1128MFP printer/fax/scanner

-------------------------------------------------------------



February 3, 2012

Pennaluna and Company
421 Sherman Avenue
Coeur d'Alene, ID 83814
Attn: Mark Dillon

   Re: **Chimera Energy Corporation**
      **Form 211 Application**
      **FINRA Matter No. 20120311899**

Dear Mr. Dillon:

By letter dated February 1, 2012, FINRA provided to you its comments on the Chimera Energy Corp. (the "Company," "we," "us" or "our") Form 211 Application. We are in receipt of these comments and set forth below are the Company's responses to FINRA's comments. For your convenience, the comments are listed below, followed by the Company's response.

1. A detailed explanation of the relationship between Andrew Farmer and the Issuer.

**RESPONSE:** Mr. Farmer is a long-term friend of the Issuer's CEO, Charles Grob. Mr. Grob sought advice from Mr. Farmer on firms with which to discuss a Form 211 Application. Among others, Mr. Farmer recommended Pennaluna & Company to the Issuer and made the initial introduction. Mr. Farmer is not an officer, director, consultant, affiliate, or shareholder of the Issuer.

2. The date the certificates will be delivered.

**RESPONSE:** The Issuer has closed its offering and has delivered all resulting certificates to its shareholders.

3. Details surrounding the Issuer's offering. Your answer should include, but not be limited to, who solicited investors, how the solicitor knew them, and how many individuals were solicited including those that did not purchase.

**RESPONSE:** The Issuer raised $75,000 from 29 investors pursuant to a Registration Statement on Form S-1 filed with the Securities and Exchange Commission that was approved for effectiveness on December 21, 2011. The subscription period was opened on December 22, 2011 and closed on January 11, 2012.

Each of the individuals who subscribed to the offering was either personally known to the Issuer's CEO, Charles Grob, or introduced to the Issuer by another shareholder. Mr. Grob was the sole individual authorized by the Issuer to solicit investments. In addition to the 29 investors who subscribed to the offering, 4 individuals who initially expressed interest in the offering chose not to subscribe.

4. Inform the staff as to whether any FINRA member firms participated in the offering.

**RESPONSE:** No FINRA member firms were involved in the offering.

5. Details related to how, when, and from whom the control persons of the Issuer gained control of the Issuer. In your response, indicate all parties involved, how they were introduced, the nature of their involvement, and any consideration paid.

**RESPONSE:** On August 5, 2011 Charles Grob formed Chimera Energy Corp. in the State of Nevada. On August 22, 2011 Mr. Grob purchased 10,000,000 shares of the Issuer's common stock in for $10,000. No other parties were involved in the purchase of the shares.

6. Describe **all** relationships and affiliations among and between the shareholders and the Issuer, its predecessors, its present and prior officers and directors, and other shareholders.

**RESPONSE:** See attached breakdown of the interrelationships between shareholders as well as each shareholder's connection to the issuer and its CEO. Other than those indicated there are no relationships or affiliations among and between shareholders and the Issuer or its officer and director. There are no predecessors or prior officers and directors.

7. The Issuer's November 20, 2011 Form 10-Q shows that the Issuer has minimal revenue, $70,851 in assets and limited operations. Additionally, the Issuer's registration statements states that the Issuer has no full or part time employees and its sole officer and director will devote 10 to 25 hours per week "from time to time" to its business efforts. Given this, it appears to the staff that the Issuer's operations assets are nominal as described in SEC release No. 33-8587, and, therefore the Issuer's SEC filings should be amended to indicate the Issuer is a shell company.

**RESPONSE:** See attached description of the Company's assets and operations. In the Company's opinion, neither its assets nor operations qualify as nominal. As such, the Company believes it does not fall within the scope of a "shell company" as described in SEC release No. 33-8587.

8. A written statement from the Issuer confirming that shares of the Issuer not included in the Registration Statements are restricted and cannot be resold pursuant to Rule 144 until the conditions of Rule 144(i)(2) have been met.

**RESPONSE:** Attached is a statement from the Issuer confirming that shares of the Issuer not included in the Registration Statements are restricted and cannot be resold pursuant to Rule 144 until the conditions of Rule 144(i)(2) have been met

9. The officer of the company does not appear to have a technical background. Explain what steps they will take to further the Issuer's business objectives.

**RESPONSE:** The Issuer's primary business model is the sale of polycrystalline diamond cutters (PDC) to the manufacturers of PDC drill bits used in the oil and gas industry. The sale of PDC's to drill bit manufacturers does not require a highly technical background. The business and sales experience of the Issuer's officer will be instrumental in the furtherance of its business objectives. Specifically, the Issuer plans to further its business objectives by implementing Phase I and Phase II of its anticipated milestones as set forth in the MD&A section of the Issuer's S-1.

10. Has your firm entered into any agreements with the Issuer, its shareholders, affiliates or any entity representing the Issuer? If so, provide a copy of such agreements.

**RESPONSE:** The Issuer has not, nor has any entity representing the Issuer, entered into an agreement of any kind with Pennaluna & Co. or any affiliate thereof.

Please let me know if you have any additional questions.

Sincerely,

Charles Crob
Chairman & CEO



January 13, 2012

Pennaluna & Company
421 Sherman Avenue
Coeur d'Alene, ID 83814

Dear Sirs:

Chimera Energy Corp. raised $75,000 from 29 investors pursuant to a Registration Statement on Form S-1 filed with the Securities and Exchange Commission that was approved for effectiveness on December 21, 2011. The subscription period was opened on December 22, 2011 and closed on January 11, 2012.

Each of the individuals who subscribed to the offering was either personally known to our CEO, Charles Grob, or introduced to our CEO by another shareholder. Mr. Grob was the sole individual authorized by the company to solicit investments from individuals who indicated interest in the offering. In addition to the 29 investors who subscribed to the offering, 4 individuals who initially expressed interest in the offering chose not to subscribe.

Attached is a spreadsheet detailing the inter-relationships between the investors as well as the individual who introduced them to our CEO.

Sincerely,

Charles Grob
President and CEO

2800 POST OAK BLVD, SUITE 4100 • HOUSTON, TX • 77056 • (832) 390-2334



# RELATIONSHIPS BETWEEN SHAREHOLDERS

| SHAREHOLDER NAME | RELATIONSHIP |
|---|---|
| AUSTIN, ANDREW | CLOSE FRIEND OF BRIAN BARRILLEAUX, BROTHER OF ROBBIE AUSTIN, BROTHER-IN-LAW OF NICOLE MILLER |
| AUSTIN, ROBBIE | CLOSE FRIEND OF BRIAN BARRILLEAUX, HUSBAND OF NICOLE MILLER, BROTHER-IN-LAW OF ANDREW AUSTIN |
| BARRILLEAUX, BRIAN | LONGTIME FRIEND OF CEO CHARLES GROB, FIANCÉE OF NATALIE MOORE, BROTHER OF MATTHEW BRYANT |
| BEALL, ROBERT | LONGTIME FRIEND OF CEO CHARLES GROB |
| BRYANT, MATTHEW | BROTHER OF BRIAN BARRILLEAUX |
| COTTON, LYDIA | LONGTIME FRIEND OF CEO CHARLES GROB |
| COX, MAIRI | LONGTIME FRIEND OF CEO CHARLES GROB, WIFE OF PAUL COX |
| COX, PAUL | LONGTIME FRIEND OF CEO CHARLES GROB, HUSBAND OF MAIRI COX |
| DEMANDANTE, ARCHIE | CLOSE FRIEND OF ANNA TIKHONOVA, HUSBAND OF JANA ROBINSON-DEMANDANTE |
| EAGLETON, BRENDAN | LONGTIME FRIEND OF CEO CHARLES GROB |
| FARMER, LINWOOD | FATHER-IN-LAW OF ANNA TIKHONOVA, HUSBAND OF PATRICIA FARMER |
| FARMER, PATRICIA | MOTHER-IN-LAW OF ANNA TIKHONOVA, WIFE OF LINWOOD FARMER |
| FERTITTA, NICOLE | LONGTIME FRIEND OF CEO CHARLES GROB |
| FLEMING, MATT | LONGTIME FRIEND OF CEO CHARLES GROB |
| GARCIA, BRITTANY | CLOSE FRIEND OF JANA ROBINSON-DEMANDANTE, WIFE OF ALEJANDRO GARCIA-HERRERA |
| GARCIA-HERRERA, ALEJANDRO | HUSBAND OF BRITTANY GARCIA |
| HUFF, H. DOUG | PARTNER OF DAVID PARISI |
| LEAL, BRANDI | CLOSE FRIEND OF JANA ROBINSON-DEMANDANTE |
| MEGA, BENJAMIN | LONGTIME FRIEND OF CEO CHARLES GROB |
| MILLER, NICOLE | CLOSE FRIEND OF BRIAN BARRILLEAUX, WIFE OF ROBBIE AUSTIN, SISTER-IN-LAW OF ANDREW AUSTIN |
| MOORE, NATALIE | FIANCÉE OF BRIAN BARRILLEAUX |
| MOSS, JAMES | CLOSE FRIEND OF BRIAN BARRILLEAUX, HUSBAND OF KELLIE MOSS |
| MOSS, KELLIE | CLOSE FRIEND OF BRIAN BARRILLEAUX, WIFE OF JAMES MOSS |
| PARISI, DAVID | BUSINESS ACQUAINTANCE OF CEO CHARLES GROB |
| ROBINSON-DEMANDANTE, JANA | CLOSE FRIEND OF ANNA TIKHONOVA, WIFE OF ARCHIE DEMANDANTE |
| SAMIUDDIN, SHARA | LONGTIME FRIEND OF CEO CHARLES GROB |
| SORELLE, DANIEL | LONGTIME FRIEND OF CEO CHARLES GROB |
| STRESSAU, M. ASHTON | LONGTIME FRIEND OF CEO CHARLES GROB |
| TIKHONOVA, ANNA | LONGTIME FRIEND OF CEO CHARLES GROB |



January 20, 2012

Pennaluna and Company
421 Sherman Avenue
Coeur d'Alene, ID 83814
Attn: Compliance Department

To Whom It May Concern:

Through Rule 405 of the Securities Act of 1933 and Rule 12b-2 of the Securities and Exchange Act of 1934, the Securities and Exchange Commission defines a "shell company" as a company (other than an asset-backed issuer), which has "no operations; and either no or nominal assets; assets consisting of solely cash and cash equivalents; or assets consisting of any amount of cash and cash equivalents and nominal other assets." For the purposes of the Commission's definition, the determination of the company's assets is based on those assets that would be reflected on the company's balance sheet, prepared in connection with U.S. generally accepted accounting principles.

While Chimera Energy Corp. is a development-stage enterprise; the Company does not fall under the Commission's definition of a "shell company" for the following reasons:

1. Operations – The Company has a very specific business plan and bona fide operations. To date, the Company has taken substantive steps towards implementing its business plan, including:

    a. Arranged $100,000 in debt financing to implement the business plan;
    b. Entered into a supplier agreement for the manufacture of the Company's introductory product line;
    c. Generated revenues from the delivery of products to multiple customers; and
    d. Devoted significant resources to locating and engaging potential customers for the Company's products.

2. Assets – The Company's has significant assets that fall outside the generally accepted definition of nominal. As of November 30, 2011 the Company's assets consisted of:

    a. Cash and cash equivalents - $70,851
    b. Accounts receivable - $9,700
    c. Inventory - $15,970

It is the opinion of the Company that it does not fall into the Commission's definition of a "shell company" as set forth above. The Company's operations alone prevent its classification as a "shell," while at the same time its assets cannot be considered to be nominal.

Sincerely,

*Charles Grob*

Charles Grob
Chairman & CEO
Chimera Energy Corp.

2800 POST OAK BLVD, SUITE 4100 • HOUSTON, TX • 77056 • (832) 390-2334



February 3, 2012

Pennaluna and Company
421 Sherman Avenue
Coeur d'Alene, ID 83814

Ladies and Gentlemen:

I, the undersigned, Charles Grob, Chairman and CEO of Chimera Energy Corp., hereby represent and certify that:

1. On August 5, 2011 Chimera Energy Corp. (the "Company") was formed in Nevada by Charles Grob as its sole officer and director. On August 22, 2011 Mr. Grob purchased 10,000,000 shares of the Company's common stock for $10,000; becoming the Company's sole shareholder.

2. The Company filed a Registration Statement with the Securities and Exchange Commission ("SEC") to register 5,000,000 shares of its common stock for sale to the public under a Direct Public Offering. Such Registration Statement was approved for effectiveness by the SEC on December 21, 2011.

3. On January 12, 2012 the Company closed its stock offering after selling 5,000,000 shares to 29 individual non-affiliated investors.

4. As of February 3, 2012 there are 15,000,000 shares of the Company's common stock issued and outstanding. There are 5,000,000 shares of free-trading stock issued pursuant to subscriptions to the S-1 offering and the 10,000,000 restricted shares purchased by Mr. Grob.

5. The Company confirms that the shares issued to Mr. Grob were not included in the Registration Statement and therefor remain restricted. The shares cannot be resold pursuant to Rule 144 until the conditions of Rule 144(i)(2) have been met.

Pennaluna & Company is permitted to rely on the above representations in filing a Form 211 Application on behalf of the Company.

Sincerely,

Charles Grob
Chairman & CEO
Chimera Energy Corp.